1    WO

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    Douglas M. Levitski,                    No.  CV 13-1012-PHX-RCB (JFM)

10                    Plaintiff,

11        vs.                                        **O R D E R**

12   Charles Ryan, et al.,

13                    Defendants.

14

15        Plaintiff Douglas M. Levitski, who is confined in the Arizona State Prison

16   Complex-Lewis, in Buckeye, Arizona, has filed a *pro se* civil rights Complaint pursuant

17   to 42 U.S.C. § 1983 (Doc. 1) and paid the filing and administrative fees (Doc. 3).  The

18   Court will dismiss the Complaint with leave to amend.

19   **I.     Statutory Screening of Prisoner Complaints**

20        The Court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or an officer or an employee of a governmental entity.  28

22   U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

23   has raised claims that are legally frivolous or malicious, that fail to state a claim upon

24   which relief may be granted, or that seek monetary relief from a defendant who is

25   immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

26        A pleading must contain a "short and plain statement of the claim *showing* that the

27   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

28   does not demand detailed factual allegations, "it demands more than an unadorned, the-

JDDL-K

1    defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

2    (2009). "Threadbare recitals of the elements of a cause of action, supported by mere

3    conclusory statements, do not suffice." *Id.*

4        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

5    claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

6    550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual

7    content that allows the court to draw the reasonable inference that the defendant is liable

8    for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible

9    claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

10   on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's

11   specific factual allegations may be consistent with a constitutional claim, a court must

12   assess whether there are other "more likely explanations" for a defendant's conduct. *Id.*

13   at 681.

14       But as the United States Court of Appeals for the Ninth Circuit has instructed,

15   courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338,

16   342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less

17   stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v.*

18   *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

19       If the Court determines that a pleading could be cured by the allegation of other

20   facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal

21   of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The

22   Court should not, however, advise the litigant how to cure the defects. This type of

23   advice "would undermine district judges' role as impartial decisionmakers." *Pliler v.*

24   *Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to

25   decide whether the court was required to inform a litigant of deficiencies). The Court

26   will dismiss Plaintiff's Complaint for failure to state a claim, but because the Complaint

27   may possibly be saved by amendment, will dismiss the Complaint with leave to amend.

28

JDDL-K

## II.      Complaint

Plaintiff alleges three counts for failure to provide constitutionally-adequate medical care, "deliberate indifference to a prisoner's serious medical needs by non-medical factors," and the "wanton infliction of unnecessary pain, anguish and suffering" in violation of the Eighth Amendment.  Plaintiff sues the following Defendants:  Arizona Department of Corrections (ADOC) Director Charles Ryan, in his individual and official capacities; ADOC Interim Director of the Division of Health Services Richard Pratt, in his individual and official capacities; Dr. Thomas Bell, Statewide Director of Medical Services for Wexford Health Sources, Inc. (Wexford)[1]; Dr. Kenneth Merchant, Wexford's Primary Healthcare Provider for the Lewis Complex, Bachman Yard, in his individual and official capacities; Dr. Carmelo Echuerra, Wexford's Director of Medical Services for Lewis Complex, in his individual and official capacities; Dr. Hector Garcia, Wexford's Regional Director of Medical Services, in his individual and official capacities; Corrections Officer J. Ball (Badge No. 4429); Jim Reinhart, ADOC Regional Operations Manager for the Lewis Complex; Cameron Lewis, ADOC On-Site Manager for the Lewis Complex, in her individual and official capacities; and "John and Jane Doe (1 through 50) employees, officers, medical staff, Arizona Department of Corrections, and/or Wexford Health Sources, Inc. and or their successors in his/her or their individual and/or official capacity."  (Doc. 1 at 1A.)  Plaintiff seeks a preliminary injunction to provide him with medical care, compensatory and punitive damages, a *lis pendens* against all individually-named Defendants, as well as injunctive and declaratory relief.

In support of his Complaint, Plaintiff states that he is 74 years old and has been denied adequate medical care for several years.  On September 14, 2005, Plaintiff's orthopedic surgeon wrote a letter addressed to whom it may concern stating that Plaintiff suffers from degenerative joint disease in his left knee and that he advised Plaintiff to

---

[1] Wexford provided medical care to inmates under a contract with ADOC from July 1, 2012 until March 3, 2013.  Corizon, Inc. assumed healthcare responsibility for inmates beginning March 4, 2013.
*See*  http://www.azcorrections.gov/adc/news/2013/HealthCareTransition.pdf (last visited July 26, 2013).

undergo surgery to replace the left knee.  Plaintiff gave a copy of the letter to the Superior Court prior to his sentencing[2] and "several time[s]" to Defendants Ryan, Bell, Pratt, Merchant, Carmelo, Echurra, Garcia, Reinhart, Lewis and John and Jane Doe (1 through 50).  (*Id*. at 3B.)  He does not say how or when he gave or sent the letter to those Defendants or if he received any response.  Since October 2005, Plaintiff has submitted "numerous volumes" of health need requests (HNRs), written kites, "inmate informals," grievances, and grievance appeals to Ryan.  (*Id*. at 3.)

Plaintiff's requests for medical care include requests for a total knee replacement, referrals to an orthopedic surgeon and to a rheumatologist, medical supplies and adaptive medical equipment to aid him in ambulating and to reduce his pain.  Plaintiff asserts that the eight-year delay and/or denial of medical care and treatment for his "severe chronic medical conditions" have left him in "constant moderate to severe chronic pain."  (*Id*. at 3C.)  In addition to refusing to refer Plaintiff to outside specialists, Defendants "have also misplaced or lost the Plaintiff's x-rays and radiologist reports once such reports and x-rays were ordered."  (*Id*. at 4B.)

Plaintiff further alleges that he was diagnosed by an optometrist around 2011 with retinal scarring in the left eye, an "emaculate hole," retinal detachment and cataracts in both eyes.  (*Id*. at 3C.)  The optometrist referred Plaintiff to an ophthalmologist for treatment and eye surgery.  Plaintiff states that the "actions, inactions, [and] acquiescences" of Defendants Ryan, Bell, Pratt, Merchant, Echuerra, Garcia, Reinhart, Lewis, and John and Jane Doe (1 through 50), as well as the delay and denial of Plaintiff seeing an ophthalmologist, have caused a loss of vision and chronic headaches.  (*Id*.)

In addition, Plaintiff alleges that he has been diagnosed with, and treatment has been recommended for, the following medical conditions: constant moderate to severe pain; hypertension; arthritis; degenerative joint disease; high cholesterol; degenerative

---

[2] According to records available on-line, Plaintiff was admitted to ADOC custody on October 26, 2005.
*See*  http://www.azcorrections.gov/inmate_datasearch/results_Minh.aspx?InmateNumber=199622&LastName=LEVITSKI&FNMI=D&SearchType=SearchInet (last visited July 25, 2013).

cartilage; enlarged prostate; chronic sinusitis; chronic allergies; and a severe skin condition.[3]  Plaintiff asserts that he has been prescribed pain medication, but Defendants have failed to provide him "an [un]interrupted supply of prescription medication when prescribed by a physician."[4]  (*Id*. at 3D.)

Also, according to Plaintiff, he needs to be seen by an outside dermatologist when he has an outbreak of his skin condition, as that is the only time his chronic skin condition can be diagnosed.  He describes an outbreak of his skin condition as "white splotches (mostly on his face), which break open, bleed, and have a discharge" and which "even a lay person would easily recognize as needing emergency medical attention." (*Id*.)  Plaintiff alleges that Defendants Ryan, Bell, Pratt, Merchant, Echuerra, Garcia, Reinhart, Lewis, and John and Jane Doe (1 through 50) have caused him to suffer needlessly by failing to put in place a system whereby Plaintiff could be seen immediately when his skin condition flares up.  The only way Plaintiff can make his urgent medical needs known is by filing an HNR and waiting an average of six months to be seen by medical staff.  Plaintiff contends that this system is "outdated and archaic." (*Id*.)  One problem with the system, according to Plaintiff, is that it allows Defendant J. Ball, a corrections officer, to act as "medical triage" to the medical unit at Bachman Yard.  (*Id*.)  Plaintiff alleges that when he reported to the medical unit, Ball would not allow Plaintiff to see the nurse or to enter the medical unit.  Ball told Plaintiff to submit an HNR and when Plaintiff told Ball he had already submitted several HNRs, Ball asked Plaintiff what the problem was.  Plaintiff showed Ball the problem.  Ball, whom Plaintiff contends is unqualified to render medical services, then went inside and returned with A&D cream for Plaintiff and told him to wait to be called into medical.[5]

---

[3] Plaintiff provides no details about when he was diagnosed with those conditions, by whom, or the treatment, if any, prescribed.  Also, he does not state whether he has been denied treatment for his hypertension, arthritis, high cholesterol, enlarged prostate, chronic sinusitis and chronic allergies, including when, by whom, and how.

[4] Plaintiff does not state what medication(s) he was prescribed, when, by whom, or who failed to provide the prescribed medication(s) and when that occurred.

[5] Although Plaintiff apparently reported to the medical unit because of his skin

In addition to submitting HNRs, inmate informal requests, inmate grievances and grievance appeals, Plaintiff says that on December 18, 2012, he tried to access medical care through ADOC Policy 1101.11, which relates to inmates eligible for benefits through the Veterans Administration.[6] Plaintiff states that he is a qualified United States veteran eligible for treatment at the VA medical center, but that Defendants told him that he cannot "dictate what type of medical care or treatment [he] can receive, [and] that the medical care [he] need[s] can be provided by [ADOC] or their medical vendor." (*Id*. at 4A.)  Also, although not entirely clear, it appears that Plaintiff submitted an HNR to assess his status as an inmate with special needs as covered by Title II of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act of 1973 (RA).[7] Someone asked Plaintiff to remove or sign off on this request, and when Plaintiff refused, he was told to return to his housing unit.  Plaintiff states that no action has been taken on his ADA status request in over a year.

Plaintiff asserts that he has been retaliated against for the grievances and grievance appeals he has filed, and that Defendants have placed budgetary considerations and profits over Plaintiff's constitutional and statutory rights.[8]

---

condition, that is not clear from the Complaint.  Nor does Plaintiff state what his symptoms were at the time he spoke to Ball.  Finally, is it not clear if this interaction with Ball occurred on more than one occasion or when he reported to the medical unit.

[6] *See* ADOC, Department Order Manual, Ch. 1100, Inmate Health Services, http://www.azcorrections.gov/Policies/1100/1101.pdf (last visited July 26, 2013).

[7] Plaintiff did not allege an ADA and/or RA claim in a separate count and does not appear to seek relief in his Complaint for an ADA or RA violation.  The ADA and RA apply in the incarceration context.  *See Pennsylvania Dep't of Corrs. v. Yeskey*, 524 U.S. 206, 213 (1998).  To state a claim for a violation of Title II of the ADA, a plaintiff must allege facts to support that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of his disability.  *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).  To state a claim for violation of § 504 of the RA, a plaintiff must allege facts to support that (1) he is handicapped within the meaning of the RA; (2) he is otherwise qualified for the benefits or services sought; (3) he was denied the benefit or services solely by reason of his handicap; and (4) the program providing the benefit or services receives federal financial assistance.  *Id*.

[8] Plaintiff did not allege a retaliation claim in a separate count and does not appear to seek relief on that basis.  To state a viable constitutional claim for retaliation, a

### III.    Failure to State a Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege *facts* supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right.  *Wood v. Outlander*, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Although Plaintiff lists three separate Counts, in all three he seeks relief for the alleged denial of constitutionally-adequate medical care.  Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.  *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be

---

plaintiff must allege that a defendant acting under color of law took adverse action against him because he engaged in protected conduct, that the adverse action was not narrowly tailored to advance legitimate correctional goals, and that the adverse action chilled the plaintiff's exercise of his First Amendment rights or caused him to suffer more than minimal harm. *Rhodes v. Robinson*, 408 F.3d 559, 567-58 (9th Cir. 2005); *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claim requires an inmate show (1) that the prison official acted in retaliation for the exercise of a constitutionally-protected right, and (2) that the action "advanced no legitimate penological interest").  An inmate may also state a constitutional violation where, for example, he alleges that a grievance was denied in retaliation for exercising a constitutionally-protected right, *see Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), or in retaliation for filing a grievance, *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989).

1    aware of facts from which the inference could be drawn that a substantial risk of serious

2    harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825,

3    837 (1994).    Deliberate indifference in the medical context may be shown by a

4    purposeful act or failure to respond to a prisoner's pain or possible medical need and

5    harm caused by the indifference. *Jett*, 439 F.3d at 1096.  Deliberate indifference may

6    also be shown when a prison official intentionally denies, delays, or interferes with

7    medical treatment or by the way prison doctors respond to the prisoner's medical needs.

8    *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

9        Deliberate indifference is a higher standard than negligence or lack of ordinary

10   due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor

11   gross negligence will constitute deliberate indifference." *Clement v. California Dep't of

12   *Corrs.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*,

13   622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or

14   "medical malpractice" do not support a claim under § 1983).  "A difference of opinion

15   does not amount to deliberate indifference to [a plaintiff's] serious medical needs."

16   *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care,

17   without more, is insufficient to state a claim against prison officials for deliberate

18   indifference.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407

19   (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of

20   "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

21       **A.    Defendant Ryan**

22       While Ryan may be sued under § 1983, Plaintiff fails to state a claim against him.

23       "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff

24   must plead that each Government-official defendant, through the official's own

25   individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.  That means,

26   "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was

27   personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152

28   F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a

plaintiff must allege that the official acted as a result of a policy, practice, or custom.  *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001).  Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his individual capacity "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor*, 880 F.2d at 1045.

Plaintiff fails to allege *facts* to support that Ryan is liable in either his official or individual capacity.  For example, Plaintiff fails to allege when he gave Ryan the letter from his orthopedic surgeon and what response(s) he received, if any, from Ryan.  Nor has Plaintiff alleged when or how he gave Ryan the "numerous volumes" of HNRs, written kites, inmate informals, grievances, and grievance appeals, what he said in those documents and whether Ryan responded to those documents.[9]  Also, Plaintiff fails to allege that Ryan promulgated, condoned, or endorsed a policy, practice, or custom resulting in a violation of Plaintiff's constitutional rights.  Absent additional facts, Plaintiff fails to state a claim against Ryan and he will be dismissed.

### B.    Defendant Ball

Plaintiff sues Corrections Officer Ball, whom he says has served as "medical triage" to the medical unit at Bachman Yard.  Plaintiff does not allege when he spoke to Ball or what he said to Ball.  Apparently, Plaintiff spoke to Ball at some point about his skin condition, because Ball gave him some A&D cream and told him to submit a HNR, but Plaintiff does not provide any specifics of the interaction, when this occurred, or what his symptoms were at the time he spoke to Ball.  Nor does he allege that Ball was aware

---

[9] Plaintiff presumably submitted HNRs, kites, written informals, grievances and grievance appeals to people other than Ryan, but he fails to allege who those people might be, what he said in those volumes of documents, when he submitted them, and what response, if any, he received.

of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that Ball drew that inference. Accordingly, Plaintiff fails to allege facts to support that Ball acted with deliberate indifference to Plaintiff's serious medical needs and fails to state a claim against Ball.

## C.   Other Defendants

Plaintiff also sues Defendants Bell, Pratt, Merchant, Echuerra, Garcia, Reinhart, Lewis, and John and Jane Doe (1 through 50).[10]

Plaintiff's generalized allegations against these Defendants do not provide any specifics showing that they personally participated in a deprivation of Plaintiff's constitutional rights, were aware of a deprivation and failed to act, or promulgated, condoned, or endorsed policies that resulted in Plaintiff's injuries. Indeed, Plaintiff makes no factual allegations against any of these Defendants other than he gave them the letter from his orthopedic surgeon and generally that their "actions, inactions, [and] acquiescences" caused him harm. Even then, he fails to allege when, where, how, or to whom he provided that letter or the specific acts or omissions that allegedly caused him harm. For example, with respect to the retinal scarring, retinal detachment and cataracts, Plaintiff fails to allege what requests he made, if any, for medical attention, when, to whom, how and any response(s) to his requests. Accordingly, Plaintiff fails to state a claim against these Defendants and Defendants Bell, Pratt, Merchant, Echuerra, Garcia,

---

[10] With respect to the unidentified Defendants John and Jane Doe (1 through 50), Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous defendant. The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Where the names of individual defendants are unknown at the time a complaint is filed, a plaintiff may refer to the individual unknown defendants as Defendant John (or Jane) Doe 1, John Doe 2, and so on, *and* allege facts to support how each particular Doe defendant violated the plaintiff's constitutional rights. A plaintiff may thereafter use the discovery process to obtain the names of fictitiously-named defendants whom he believes violated his constitutional rights and seek leave to amend to name those defendants.

1  Reinhart, Lewis, and John and Jane Doe (1 through 50) will be dismissed.

2  **IV.   Leave to Amend**

3       For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to
4  state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a
5  first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will
6  mail Plaintiff a court-approved form to use for filing a first amended complaint.  If
7  Plaintiff fails to use the court-approved form, the Court may strike the amended
8  complaint and dismiss this action without further notice to Plaintiff.

9       If Plaintiff files an amended complaint, Plaintiff must write short, plain statements
10  telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name
11  of the Defendant who violated the right; (3) exactly what that Defendant did or failed to
12  do; (4) how the action or inaction of that Defendant is connected to the violation of
13  Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of
14  that Defendant's conduct.  *See Rizzo*, 423 U.S. at 371-72, 377.

15       Plaintiff must repeat this process for each person he names as a Defendant.  If
16  Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific
17  injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for
18  failure to state a claim.  **Conclusory allegations that a Defendant or group of**
19  **Defendants has violated a constitutional right are not acceptable and will be**
20  **dismissed**.

21       Plaintiff must clearly designate on the face of the document that it is the "First
22  Amended Complaint."  The first amended complaint must be retyped or rewritten in its
23  entirety on the court-approved form and may not incorporate any part of the original
24  Complaint by reference.  Plaintiff may include only one claim per count.

25       A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*,
26  963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896
27  F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original
28  complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised

JDDL-K

in the original complaint is waived if it is not raised in a first amended complaint.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

If Plaintiff files an amended complaint, he shall heed the Instructions for completing the court-approved form, which specifically provide that no more than fifteen additional pages may be attached to the complaint.  Also, with respect to each claim, Plaintiff need only "[s]tate the facts . . . without citing legal authority or arguments." Finally, Plaintiff should note that a complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a) of the Federal Rules of Civil Procedure.  *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996).

## V.   Warnings

### A.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### B.   Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C.   Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal

in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(2)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(3)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 30th day of July, 2013.

_____
Robert C. Broomfield
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

Phoenix & Prescott Divisions:    **OR**    Tucson Division:
U.S. District Court Clerk                U.S. District Court Clerk
U.S. Courthouse, Suite 130             U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10   405 West Congress Street
Phoenix, Arizona  85003-2119          Tucson, Arizona  85701-5010

7.  Change of Address.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. See Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name: _____
Address:_____
      Attorney for Defendant(s)

_____
(Signature)

9.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  See Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  Exhibits.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,    )
(Full Name of Plaintiff)                )
             Plaintiff,    )
                         )
         vs.    )  **CASE NO.** _____
                         )       (To be supplied by the Clerk)

(1) _____ ,   )
(Full Name of Defendant)                )
(2) _____ ,   )
                         )  **CIVIL RIGHTS COMPLAINT**
(3) _____ ,   )  **BY A PRISONER**
                         )
(4) _____ ,   )  ☐ Original Complaint
           Defendant(s).   )  ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.   )  ☐ Second Amended Complaint

## A. JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
         ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
         ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
         ☐ Other: _____ .

2.    Institution/city where violation occurred: _____ .

Revised 3/9/07                                    1                                **550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
                        (Position and Title)                                          (Institution)

2.   Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
                        (Position and Title)                                          (Institution)

3.   Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
                        (Position and Title)                                          (Institution)

4.   Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
                        (Position and Title)                                          (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

   b.  Second prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

   c.  Third prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail              ☐ Access to the court        ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion       ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                ☐ Yes     ☐ No
   b.   Did you submit a request for administrative relief on Count I?                     ☐ Yes     ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?           ☐ Yes     ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities        ☐ Mail            ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings  ☐ Property        ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what
**each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without
citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
       at your institution?                                              ☐ Yes     ☐ No
  b.   Did you submit a request for administrative relief on Count II?     ☐ Yes     ☐ No
  c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes     ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
       you did not. _____
       _____.

4

**COUNT III**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what
**each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without
citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?    ☐ Yes  ☐ No
    b.    Did you submit a request for administrative relief on Count III?    ☐ Yes  ☐ No
    c.    Did you appeal your request for relief on Count III to the highest level?  ☐ Yes  ☐ No
    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                              DATE                                                    SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.